STORY, District Judge,
concurring in part and dissenting in part:
I agree with the majority’s decision vacating the district court’s preliminary injunction in No. 97-6347 and instructing the district court to strike Plaintiffs’ application for injunctive relief and vacating the district court’s declaratory judgment in No. 98-6192 and instructing the district court to strike from the record Plaintiffs’ application for permanent injunctive relief. However, as to Part III of the majority opinion, I dissent.
The majority charges plaintiffs’ counsel with “proceeding strictly on their own” and “representing no one but themselves” in their pursuit of an injunction to prohibit the use of the Revised Complaint Procedure by non-blacks. I do not ascribe such sinister motives to plaintiffs’ counsel. We must not lose sight of the history of this case. Hopefully, we are in the final chapter of a series of suits brought to end pervasive discrimination within the Alabama Department of Transportation (“AL-DOT”). It is against this background that counsel’s motives should be judged. For example, evidence presented at the 1992 trial concerning the alleged pre-decree practice which allowed supervisors and employees to circumvent the merit selection process through provisional promotions reasonably raised counsels’ concerns that the new procedure might be abused. Plaintiffs’ counsel thus had a legitimate concern that the Revised Complaint Procedure might violate Consent Decree I. Based upon the orders it entered, the district court apparently shared these concerns.
Because there is no evidence to support a finding that the Revised Complaint Procedure was being used by ALDOT officials to violate Consent Decree I or in an otherwise discriminatory manner, the relief granted by the district court cannot be justified. However, this historical evi *1303 dence arguably justified action being taken by plaintiffs’ counsel to get the issue before the district court for consideration. Except for the majority’s findings about plaintiffs’ counsel’s motives, I CONCUR fully in the analysis of the majority in Parts I, II, and IV.
As to Part III, I would not impose § 1927 sanctions. Though plaintiffs’ counsel sought the wrong form of relief, they were attempting to be vigilant in protecting their clients’ rights rather than being unreasonable and vexatious. Therefore, as to Part III of the majority opinion, I DISSENT.